were all incurred after the account was filed. There was no evidence of bad faith upon the part of the assignee, even in the particular case where he was decreed to be wrong, so as to make it proper to put the costs upon him personally. Code, § 3246. The part of the judgment affected by the plaintiff's appeal should be affirmed, with costs.

---

### QUIMBY *v.* CLAFLIN *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

COSTS—ALLOWANCE TO DEFENDANT—RECOVERY ON ONE CAUSE OF ACTION.

A complaint alleged that defendants were in possession of certain notes and acceptances, amounting to $2,987, the property of plaintiff, which defendants agreed to collect and apply to a certain debt of plaintiff to a third person; "and, for a separate cause of action," that certain other notes and acceptances, amounting to $3,197, the property of plaintiff, were in the possession of defendants, and that they were collected by defendants, or might have been so collected. The complaint demanded judgment for the aggregate amount of all the notes and acceptances ($6,184) mentioned in the complaint. The referee found that defendants had collected $2,249 of the notes and acceptances first mentioned, and directed judgment for plaintiff for that amount, with interest. *Held,* that defendant was not entitled to costs under Code Civil Proc. N. Y. § 3234, which provides that, where "the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue."

Appeal from special term, Westchester county.

Action by Charles J. Quimby against John Claflin and others, composing the firm of H. B. Claflin & Co., to recover the proceeds of certain notes or acceptances, amounting to $2,987, "made or drawn by divers parties, * * * left in the hands of the said defendants under a written contract or agreement bearing date April 12, 1873, by which the said defendants acknowledged the receipt thereof, and agreed, in consideration of the premises, to collect, account for, and apply the proceeds thereof" to a certain debt of plaintiff to a third person. The complaint further alleged that defendants never in any manner accounted to plaintiff, but retained said notes and acceptances and the proceeds thereof. The complaint further alleged "for a separate cause of action" that certain other notes and acceptances, amounting to $3,197, the property of plaintiff, came into the possession of defendants, and were collected, or might have been collected, by defendants; and that defendants have never in any manner delivered such notes and acceptances, or any part thereof, to plaintiff, or accounted or paid therefor; "wherefore the plaintiff demands judgment against the said defendants for the sum of $6,184.88, with interest thereon." The referee found that defendants agreed to account to plaintiff for the proceeds of such notes and acceptances belonging to plaintiff as might then be in defendants' possession, and had not been theretofore accounted for by them; that defendants had collected $2,249 of such notes and acceptances, and had not accounted therefor to plaintiff. From a judgment for $2,249 and interest, entered in favor of plaintiff on the report of the referee, defendants appeal. Code Civil Proc. N. Y. § 3234, provides that, where "the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue."

Argued before BARNARD, P. J., and PRATT, J.

*Vanderpoel, Green & Cuming,* for appellants.   *Minott M. Silliman,* for respondent.

PRATT, J. · The language of the Code is not entirely clear, and much diversity is found in the decisions to which it has given rise. But the weight

of authority seems to be that a defendant does not so "recover" as to entitle him to costs unless an affirmative judgment is rendered in his favor. The special term adopted that construction, and as it seems to be supported by most of the decisions, the order appealed from should be affirmed, with costs.